Eric D. Gere - 023226
egere@jsslaw.com
Direct Line: 602-262-5944
**JENNINGS, STROUSS & SALMON, P.L.C.**
A Professional Limited Liability Company
One East Washington Street, Suite 1900
Phoenix, Arizona 85004-2554
Telephone: (602) 262-5911
MinuteEntries@jsslaw.com

*Attorneys for Plaintiff Salt River Project Agricultural Improvement and Power District*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Salt River Project Agricultural Improvement and Power District,<br><br>Plaintiff,<br><br>vs.<br><br>Trench France, S.A.S.; Trench Limited, Doble Engineering Company; and Esco Technologies, Inc;<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL** |

Plaintiff Salt River Project Agricultural Improvement and Power District ("Salt River Project" or "SRP") alleges:

1. This is a civil action to recover damages in an amount that exceeds three million dollars.

2. Plaintiff Salt River Project is a political subdivision of the State of Arizona, which is authorized by and organized under the laws of the State of Arizona, A.R.S. § 48-2301, *et seq*.

3. Defendant Trench France S.A.S. ("Trench-France") is a corporation or similar business entity which is organized under the laws of the country of France, and whose principle place of business is located in Saint-Louis, France.

4. Defendant Trench Limited ("Trench-Canada") is a corporation or similar business entity which is organized under the laws of the country of Canada and/or the Province of Ontario, and whose principle place of business is located in Toronto, Canada.

5. Defendant Doble Engineering Company is a corporation organized under the laws of the State of Massachusetts, with its principle place of business in Massachusetts.

6. Alternatively, Doble Engineering Company is a division of defendant Esco Technologies, Inc., which is a corporation organized under the laws of the State of Delaware with its principle place of business in Missouri.

7. SRP's property-damages and related business interruption damages were caused by a May 15, 2015 explosion and fire its Santan Generating Station, which is located in the Town of Gilbert and within the State of Arizona.

8. SRP sustained at least three (3) prior explosions and fires which were probably caused by Trench COTA-bushings. On January 3, 2008, a COTA-bushing manufactured by Trench-Canada suddenly exploded, which caused significant property damages to SRP. On March 29, 2010, a COTA-bushing manufactured by Trench-France suddenly exploded, which caused property damages to SRP of several million dollars. And on June 30, 2011, another COTA-bushing manufactured by Trench-Canada suddenly exploded, which caused property damages to SRP of several million dollars.

9. In order to investigate the cause(s) of the first two explosions, factory-engineers employed by Trench-France and by Trench-Canada visited SRP's facilities in the State of Arizona on April 28, 2010, and consulted with SRP's engineers about the causes of those explosions, and what could be done to prevent future explosions.

10. SRP is informed and believes that other explosions of bushings which were designed by Trench-France, and which were manufactured by Trench-France or by Trench-Canada, were reported to the Trench defendants prior to 2010. As a result of wide-spread interest in those explosions, defendants Trench-France and Trench-Canada lent technical support and engineers to participate in a study of such explosions, which was presented at a July 2010 meeting of the Institute of Electrical and Electronic Engineers ("IEEE").

11. Between 2010 and 2012, more explosions of Trench bushings, each of which inflicted multi-million losses on utilities, were reported to the Trench defendants. After SRP's June 30, 2011 multi-million-dollar loss caused by the explosion of a Trench COTA-bushing, Trench's engineers consulted with and worked with SRP's engineers, at SRP's request, to try to determine the cause(s) of the explosions. The Trench defendants also supplied information to assist SRP's engineers with a technical paper, titled "Recent Bushing Failures Experienced by Salt River Project," which was presented at a Doble technical conference in August 2012. During those consultations and in the technical paper, defendants Trench-France and Trench-Canada denied that Trench bushings might explode or fail at a higher rate than bushings made by Trench's competitors.

12. In 2012, SRP decided to replace all high-voltage (500 kV and 230 kV) Trench bushings, system-wide.

13. In 2014, Trench-France delivered to SRP (and to other electrical utilities in the U.S.), a notice titled "Important Safety Technical Advisory—Immediate Action Required" ("2014 Safety Advisory"), Trench's 2014 Safety Advisory notified SRP (and other electrical utilities in the U.S.) that certain 230 kV Trench COTA-bushings, "have experienced a higher than average in-service failure rate. **These failures have resulted in fires and explosions.**" (Emphasis in original.) Trench's 2014 Safety Advisory told utilities such as SRP to contact Trench-France with any questions.

14. As a consequence of Trench-France's 2014 Safety Advisory, SRP contacted Trench-France and Trench-Canada to discuss the safety and reliability of lower-voltage Trench bushings. Pursuant to their recommendations, SRP installed Monitors on several Trench bushings, including the Trench 69 kV COTA-bushings at SRP's Santan Generating Station. Those Monitors were designed and manufactured by defendant Doble Engineering Company, and they were installed under Doble's on-site supervision prior to April of 2015. The purpose of installing the Monitors was to provide SRP with information that would indicate a failure might be imminent.

15. On May 15, 2015, a Trench 69 kV COTA-bushing at SRP's Santan Generating Station suddenly exploded. The Doble Monitor did not report any data which might have notified SRP that an explosion or failure was imminent. That explosion, and a fire ignited by that explosion, caused property damages and business interruption losses to SRP in an amount which exceeds three (3) million dollars.

16. For the reasons set forth above, this district court has original diversity jurisdiction over this civil action. See 28 U.S.C. § 1332(a) (2).

17. For the reasons set forth above, venue in the District of Arizona is proper because a substantial part of the events or omissions giving rise to this action occurred within this district. See 28 U.S.C. § 1391(a)(1) and (2).

18. In 2016, Trench-Limited delivered to SRP (and to other utilities in the U.S.) a safety advisory titled "July 2016 Important Safety Technical Advisory—Immediate Action Required" ("2016 Safety Advisory"). Trench's 2016 Safety Advisory expanded warnings about Trench bushings that might suddenly explode, from certain 230 kV COTA-bushings (Trench's 2014 version) to *all* Trench COTA-bushings, including COTA-bushings such as the Trench COTA 69 kV bushing which exploded on May 15, 2015 at SRP's Santan Generating Station. Trench stated, "Relevant utility personnel should be immediately notified that there is a risk of

serious injury or death from being in close proximity to these bushings should a failure occur." Trench's 2016 Safety Advisory told utilities to contact Trench-Canada with any questions.

**FIRST CAUSE OF ACTION- NEGLIGENCE**
**(AGAINST DEFENDANT TRENCH-FRANCE)**

19. The allegations of paragraph nos. 1-18 are incorporated herein as though set forth in full.

20. The defendant Trench-France negligently designed its COTA-bushings in general, and it negligently designed the 69 kV COTA-bushing that exploded at SRP's Santan Generating Station on May 15, 2015:

    A. Trench-France's design had insufficient safety margins.

    B. In hot conditions such as Arizona, Trench-France's design did not and could not meet the stated capacities.

    C. In hot conditions such as Arizona, Trench-France's design caused COTA-bushings to be unusually susceptible to sudden and dangerous explosions.

21. By the time of the IEEE conference in 2010, defendant Trench-France knew or should have known that its COTA-bushings were dangerously exploding at a rate far in excess of its competitors' bushings, especially in hot climates such as Arizona. Trench-France should have issued its 2014 Safety Advisory in 2010, if not earlier. Further, Trench-France's claim that its bushings had 74% of their stated capacity was false, and lacked any reasonable basis. By 2012, Trench-France knew that its bushings exploded when loaded at less than 25% of capacity.

22. By the time of the Doble conference in 2012, defendant Trench-France knew or should have known that its COTA-bushings were dangerously exploding at a rate far in excess of its competitors' bushings, especially in hot climates such as Arizona. Trench-France should have issued a proper safety Advisory in 2012, if not sooner.

23. Defendant Trench-France's statements to SRP from 2010 through 2012 about the safety and reliability of Trench bushings were false and exaggerated. At those times, defendant Trench-France knew or should have known that its statements to SRP were false and exaggerated, and that there was no reasonable or reliable basis for such statements. SRP reasonably relied on defendant Trench-France's false claims that its lower-voltage bushings (like the 69 kV COTA-bushing that exploded at SRP's Santan Generating Station) were safe and reliable. If Trench-France had provided true reports from 2010 through 2012, SRP would have replaced the COTA-bushings at its Santan Generating Station before May 15, 2015, thereby preventing the explosion and avoiding this multi-million-dollar loss.

24. The negligence of defendant Trench-France was a proximate and legal cause of the SRP's damages.

**SECOND CAUSE OF ACTION - NEGLIGENCE**
**(AGAINST DEFENDANT TRENCH-CANADA)**

25. The allegations of paragraph nos. 1-24 are incorporated herein as though set forth in full.

26. The defendant Trench-Canada negligently manufactured the 69 kV COTA-bushing that exploded at SRP's Santan Generating Station on May 15, 2015. Specifically, the paper-insulation inside the bushing was contaminated with conductive materials when it left the Trench-Canada factory, which eventually caused the bushing to explode

27. By the time of the IEEE conference in 2010, defendant Trench-Canada should have known that Trench COTA-bushings were dangerously exploding at a rate far in excess of its competitors' bushings, especially in hot climates such as Arizona. Trench-Canada should have issued a proper safety advisory in 2010, if not earlier.

28. By the time of the Doble conference in 2012, defendant Trench-Canada should have known that Trench COTA-bushings were dangerously exploding at a rate far in excess of

its competitors' bushings, especially in hot climates such as Arizona. Trench-Canada should have issued a proper safety advisory in 2012, if not sooner.

29. Defendant Trench-Canada's statements to SRP from 2010 through 2012 about the safety and reliability of Trench bushings were false and exaggerated. At those times, defendant Trench-Canada should have known that its statements to SRP were false and exaggerated, and that there was no reasonable or reliable basis for such statements. SRP reasonably relied on defendant Trench-Canada's false claims that its lower-voltage bushings (like the 69 kV COTA-bushing that exploded at SRP's Santan Generating Station) were safe and reliable. If Trench-Canada had provided true reports from 2010 through 2012, SRP would have replaced the COTA-bushings at SRP's Santan Generating Station before May 15, 2015, thereby preventing the explosion and avoiding this multi-million-dollar loss.

30. The negligence of defendant Trench-Canada was a proximate and legal cause of the SRP's damages.

### THIRD CAUSE OF ACTION - STRICT PRODUCTS LIABILITY
### (AGAINST DEFENDANT TRENCH-FRANCE)

31. The allegations of paragraph nos. 1-30 are incorporated herein by reference as though set forth in full.

32. The defendant Trench-France defectively designed its COTA-bushings in general, and it defectively designed the 69 kV COTA-bushing that exploded at SRP's Santan Generating Station on May 15, 2015:

    A. The design had insufficient safety margins.

    B. In hot conditions such as Arizona, the design did not and could not meet Trench's stated capacities.

    C. In hot conditions such as Arizona, the design caused COTA-bushings to be unusually susceptible to sudden and dangerous explosions.

33. By the time of the IEEE conference in 2010, defendant Trench-France knew or should have known that its COTA-bushings were dangerously exploding at a rate far in excess of its competitors' bushings, especially in hot climates such as Arizona. Trench-France should have issued a proper safety advisory in 2010, if not earlier.

34. By the time of the Doble conference in 2012, defendant Trench-France knew or should have known that its COTA-bushings were dangerously exploding at a rate far in excess of its competitors' bushings, especially in hot climates such as Arizona. Trench-France should have issued a proper safety advisory in 2012, if not sooner.

35. Defendant Trench-France's statements to SRP from 2010 through 2012 about the safety and reliability of Trench bushings were false and exaggerated. At those times, defendant Trench-France knew or should have known that its statements to SRP were false and exaggerated, and that there was no reasonable or reliable basis for such statements. SRP reasonably relied on defendant Trench-France's false claims that its lower-voltage bushings (like the 69 kV COTA-bushing that exploded at SRP's Santan Generating Station) were safe and reliable. If Trench-France had provided true reports from 2010 through 2012, SRP would have replaced the COTA-bushings at its Santan Generating Station before May 15, 2015, thereby preventing the explosion and avoiding this multi-million-dollar loss.

36. The defective designs and defective warnings of defendant Trench-France were proximate and legal causes of the SRP's damages

**FOURTH CAUSE OF ACTION - -STRICT PRODUCTS LIABILITY
(AGAINST DEFENDANT TRENCH-CANADA)**

37. The allegations of paragraph nos. 1-36 are incorporated herein by reference as though set forth in full.

38. The defendant Trench-Canada defectively manufactured the 69 kV COTA-bushing that exploded at SRP's Santan Generating Station on May 15, 2015, in that the paper-

insulation inside the bushing was contaminated with conductive materials.

39. Trench-Canada's manufacture of the bushing failed to comply with the design specifications, in that the design called for paper-insulation which was free of contaminating conductive materials.

40. By the time of the IEEE conference in 2010, defendant Trench-Canada should have known that Trench COTA-bushings were dangerously exploding at a rate far in excess of its competitors' bushings, especially in hot climates such as Arizona. Trench should have issued a proper safety advisory in 2010, if not earlier.

41. By the time of the Doble conference in 2012, defendant Trench-Canada should have known that Trench COTA-bushings were dangerously exploding at a rate far in excess of its competitors' bushings, especially in hot climates such as Arizona. Trench should have issued a proper safety advisory in 2012, if not sooner.

42. Defendant Trench-Canada's statements to SRP from 2010 through 2012 about the safety and reliability of Trench bushings were false and exaggerated. At those times, defendant Trench-Canada should have known that its statements to SRP were false and exaggerated, and that there was no reasonable or reliable basis for such statements. SRP reasonably relied on defendant Trench-Canada's false claims that lower-voltage bushings (like the 69 kV COTA-bushing that exploded at SRP's Santan Generating Station) were safe and reliable. If Trench-Canada had provided true reports from 2010 through 2012, SRP would have replaced the COTA-bushings at SRP's Santan Generating Station before May 15, 2015, thereby preventing the explosion and avoiding this multi-million-dollar loss.

43. The defective manufacture and defective warnings of defendant Trench-Canada were proximate and legal causes of the SRP's damages.

. . .

. . .

5647537v1(12000.1212) {00066773;1}

## FIFTH CAUSE OF ACTION - STRICT PRODUCTS LIABILITY
## (AGAINST DEFENDANTS DOBLE ENGINEERING AND ESCO TECHNOLOGIES)

44. The allegations of paragraphs 1-43 are incorporated herein by reference as though set forth in full.

45. Defendants Doble Engineering Company and Esco Technologies, Inc. defectively designed their Doble Bushing Monitors in that they lacked sufficient safety margins in their grounding mechanisms, they were insufficiently grounded. In addition, in the event that the grounding system failed, the design directed excessive amounts of current into the bushing at the point of the Monitor's contact with the bushing's Capacitance Tap.

46. The design defects in the Doble bushing-monitors which were installed at SRP's Santan Generating Station caused unwanted and excessive electrical current to flow through the Monitor and into the Trench COTA-bushing, which were proximate and legal causes of the May 15, 2015 explosion and of SRP's damages.

## SIXTH CAUSE OF ACTION - NEGLIGENCE
## (AGAINST DEFENDANTS DOBLE ENGINEERING AND ESCO TECHNOLOGIES)

47. The allegations of paragraphs 1- 46 are incorporated herein by reference as though set forth in full.

48. Defendants Doble Engineering Company and Esco Technologies, Inc. negligently designed their Doble Bushing Monitors in that they lacked sufficient safety margins in their grounding mechanisms, they were insufficiently grounded. In addition, in the event that the grounding system failed, the design directed dangerous amounts of current into the bushing at the point of the Monitor's contact with the bushing's Capacitance Tap.

49. Defendants Doble Engineering Company and Esco Technologies, Inc. negligently supervised the installation of Monitors on Trench COTA-bushings at SRP's Santan Generating Station, in that the Monitors were insufficiently grounded and/or that the grounding systems

were only weakly connected to ground.

50. The negligence of defendants Doble Engineering Company and Esco Technologies, Inc. caused unwanted and dangerous electrical current to flow through the Monitor and into the Trench COTA-bushing, which were proximate and legal causes of the May 5, 2015 explosion and of SRP's damages.

WHEREFORE, plaintiff Salt River Project Agricultural Improvement and Power District prays for judgment against the defendants Trench France S.A.S., Trench Limited, Doble Engineering Company, and Esco Technologies, Inc. as follows:

1. For damages in an amount which exceeds three million dollars, according to proof, against the defendants and each of them;
2. For prejudgment interest, according to law and according to proof;
3. For costs of suit incurred; and,
4. For such other and further relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Salt River Project demands a trial by jury of all issues so triable.

Dated: May 12, 2017        JENNINGS, STROUSS, & SALMON, PLC


By: *s/ Eric D. Gere*
    Eric D. Gere
    One East Washington Street, Suite 1900
    Phoenix, AZ  85004-2554
    *Attorneys for Plaintiff Salt River Project*
    *Agricultural Improvement and Power District*