**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Salt River Project Agricultural Improvement and Power District,<br><br>Plaintiff,<br><br>v.<br><br>Trench France SAS, et al.,<br><br>Defendant. | No. CV-17-01468-PHX-DGC<br><br>**ORDER** |

Defendants Trench Limited and Trench France, S.A.S. move for reconsideration of this Court's order denying their Rule 12(b)(2) motion as to Plaintiff's failure to warn claims. Doc. 59. A motion for reconsideration will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1); *see Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

The Court's order found that Defendants' forum-related contacts gave rise to Plaintiff's failure to warn claims, but not to its manufacturing and design defect claims. Doc. 56 at 7. Defendants make three arguments.

For the first time in their motion for reconsideration, Defendants contend that a negligence-based continuing duty to warn exists only if the product was defective at the time of sale. Doc. 59 at 4. The Arizona case on which Defendants rely defined the continuing duty as an "obligation imposed where a manufacturer or seller, believing that

it has sold a non-defective product, *subsequently learns that its product was, in fact, defective when placed in the stream of commerce*." *Wilson v. U.S. Elevator Corp.*, 972 P.2d 235, 240 (Ariz. Ct. App. 1998) (emphasis in original) (quoting *Lynch v. McStome and Lincoln Plaza Assocs.*, 548 A.2d 1276, 1281 (Pa. 1988)). Plaintiff in this case alleges that the product in question was defective at the time of sale. Doc. 1, ¶ 26. Yet Defendants appear to argue that because the Court found that it had no personal jurisdiction over the manufacturing and design defect claims – claims that arise at the time of sale – it cannot have jurisdiction over the negligent failure to warn claim. Doc. 59 at 5. But the Court cannot agree with Defendants' suggestion that a negligent failure to warn claim arises at the time of sale and that personal jurisdiction must also be determined at that point. True, the defective in question must have existed at the time of sale, but *Wilson* states that the duty to warn "arises only when a manufacturer . . . subsequently learns" that its product is defective. 972 P.2d at 239. The claim appears to accrue when the manufacturer later learns of the defect. In this case, Defendants' 2010-2014 contacts with Arizona provide a basis for personal jurisdiction over the negligent failure to warn claim because Plaintiff alleges that Defendants knew of their product's defect during the time of those contacts. *See* Doc. I, ¶¶ 26-29.

Also for the first time in this motion, Defendants contend that the reasoning in *Powers v. Taser International, Inc.*, 174 P.3d 398 (Ariz. Ct. App. 2007), "is inconsistent with the existence of a post-sale duty to warn in the context of a strict liability claim." Do. 59 at 6. *Powers* held that a strict liability duty to warn attaches where, at the time of sale, the manufacturer "knew or should have known that the [product] was unreasonably dangerous unless accompanied by an adequate warning." *Powers*, 174 P.3d at 784. As noted above, reconsideration will not be granted on the basis of legal authority that could not have been brought to the Court's attention earlier with reasonable diligence. LRCiv 7.2(g)(1). Clearly, Defendants' argument based on *Powers* could have been made earlier. In addition, even if it is true that Defendants' strict liability duty to warn arose at the time of sale because Defendants knew or should have known that the product was

unreasonably dangerous, Plaintiff alleges that Defendants failed to discharge this duty when they made contacts with Arizona in 2010-2014.  Defendants eventually may be able to argue that any such claim is time-barred, but the claim is based on what Defendants failed to do in 2010-2014, when the Court found they had sufficient contacts for personal jurisdiction in Arizona.

Finally, Defendants make a public policy argument, but acknowledge that the Court previously rejected the argument.  Doc. 59 at 7.  The Court will not reconsider the same argument.  *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998).

**IT IS ORDERED** that the motion for reconsideration (Doc. 59) is **denied**.

Dated this 22nd day of December, 2017.

_____
David G. Campbell
United States District Judge